AO 91 (Rev. 11/11) Criminal Complaint

FILED ENTERED
LODGED RECEIVED

AUG 06 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Maryland

United States of America
v.
Derek Lee Steele, Jr.
DOB: [redacted]-1978

*Defendant(s)*

Case No. 14-1765TJS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 27, 2014 in the county of City of Baltimore in the District of Maryland, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, U.S.C. Section 841 | Possession with Intent to Distribute Heroin |

This criminal complaint is based on these facts:

See attached Affidavit of DEA Special Agent Ibrar A. Mian.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Special Agent Ibrar A. Mian
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/06/2014

[signature]
*Judge's signature*

City and state: Baltimore, Maryland

Timothy J. Sullivan, U.S. Magistrate Judge
*Printed name and title*

14-1765TJS

AUSA Andrea Smith
410-209-4858

# AFFIDAVIT FOR COMPLAINT

Special Agent Ibrar A. Mian, Drug Enforcement Administration, being duly sworn, states the following:

## I. AFFIANT'S EXPERIENCE

I, Ibrar A. Mian, being duly sworn, declare and state:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) assigned to the Baltimore District Office (BDO) Group 52 since January 2013. Prior to BDO, I was assigned to the Islamabad Country Office (ICO) in Pakistan and the Riverside District Office (RDO). I have been employed by DEA since 2005. I attended the DEA Academy from November 5, 2005 to March 3, 2006. While at the DEA Academy, I was trained in all aspects of conducting narcotics investigations.

2. I have debriefed numerous defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations. Additionally, I have participated/led many aspects of drug investigations including undercover operations, surveillances, wiretap intercepts, search warrants, and arrests. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics and the collection of proceeds of narcotics trafficking and methods of money laundering used to conceal the nature of the proceeds. I have conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as conspiracies associated with criminal narcotics.

14-1765TJS

## II. STATEMENT OF FACTS AND CIRCUMSTANCES

3. This affidavit is made in support of a criminal complaint against the following person:

**DEREK LEE STEELE, JR.**
DOB:[redacted]/1978
Male; African American
422 N. East Avenue
Baltimore, Maryland 21205
MD SID: 1823838
FBI # 923171FB1

4. Your affiant has personally participated in some aspects of the investigation of the offenses referred to in this affidavit and has witnessed many of the facts and circumstances underlying this investigation. In addition, the statements contained in this affidavit are based on reliable information provided by other law enforcement agents and cooperating witnesses, as well as official documents and reports reviewed in furtherance of the investigation. Since this affidavit is submitted for the limited purpose of supporting the criminal complaint, I have not included each and every fact known to me that relates to this investigation. I have set forth only the facts necessary to establish probable cause that DEREK LEE STEELE, JR. did knowingly and intentionally possess with intent to distribute heroin in violation of Title 21 United States Code § 841, more fully described herein.

5. On March 27, 2014, Baltimore City Police Detective Steven Rosier, accompanied by other members of the Baltimore City Police Department executed a court authorized search warrant at 422 N. East Avenue, Baltimore City, Maryland 21205. Search was authorized on the premises, on the defendant, DEREK LEE STEELE, JR., and two vehicles.

14-1765 TJS

Entry into 422 N. East Avenue was made at approximately 11:15 am. While preparing to enter the premises, the defendant, DEREK LEE STEELE, JR. arrived in a white Lexus, and was detained outside of the location. STEELE was read his *Miranda* rights and was asked if there was anything illegal inside the location. STEELE advised that "I have some pills upstairs, under my bed, in a box." When asked how many, he replied, "about $7,000 worth."

6. There were no other occupants present in the house. Agents recovered a shoe box containing a plastic bag, which contained 5 bags each with gelatin capsules. All of the gelatin capsules contained a tan powdery substance. Each of the five bags with gelatin capsules contained the following number of capsules: 205; 201; 199; 88; and 112 for a total of 805 capsules of suspected heroin. In your affiant's opinion, this heroin has a street value of at least $8,000.

7. A chemist from the DEA Mid-Atlantic Lab has reported that a random sampling of 28 of the gelatin capsules confirmed the presence of heroin, fentanyl and quinine. The net weight of the powder in 805 capsules was extrapolated to be 143.2 grams.

8. DEREK LEE STEELE, JR., has a record of arrests and convictions beginning in 1998 as follows:

| *Date* | *Charges* | *Result* |
|---|---|---|
| 1998 | Handgun, Theft, Malicious Destruction | Probation before judgment |
| 2000 | Violation of Probation | Guilty |
| 2001 | Att. Possession Marijuana | Nolle Pros. |
| 2002 | Possession with/intent Narcotics | Guilty of Conspiracy |
| 2003 | Violation of Probation | Guilty |
| 2003 | Malicous Destruction, 2nd degree Assault, Possession CDS, | Not known. |
| 2005 | Possession with/intent Narcotics | Guilty of simple Possession |
| 2006 | Violation of Probation | Guilty/confinement |
| 2007 | Att. 1st degree murder, Reckless Endangerment | Stetted |

| 2008 | Assault – 2nd degree, Handgun | Nolle Pros. |
|---|---|---|
| 2008 | Arson- 2nd degree, malicious burning | Nolle Pros. |
| 2008 | Att. 1st degree murder, Handgun | Nolle Pros |
| 2010 | Possession Marijuana | Stetted |
| 2010 | Assault – 2nd degree; Failure to Appear | Nolle Pros. |

## III. CONCLUSION

Your affiant respectfully submits that the information set forth above establishes that there is probable cause to believe that DEREK LEE STEELE, JR., did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a schedule I controlled substance, in violation of Title 21 United States Code, § 841.

Special Agent Ibrar A. Mian
Drug Enforcement Administration

Sworn to and subscribed before me this 6th day of August, 2014.

Timothy J. Sullivan
United States Magistrate Judge